**Jon L. Schoenhorn & Associates**                                        Attorneys At Law
97 Oak Street ■ Hartford, CT ■ 06106-1515

Telephone: (860) 278-3500
Fax: (860) 278-6393
E-Mail: CIVLRIGHTS@AOL.COM

May 24, 2000

Dr. Henry Lee, Commissioner
Connecticut Department of Public Safety
1111 Country Club Road
Middletown, CT 06457

Re: Complaint by Loraine Longmoor

Dear Dr. Lee:

I am asking that your office look into an unfortunate situation involving several members from the Troop B barracks, who have taken it upon themselves to take sides in a private real estate dispute. To make a long story short, Loraine Longmoor is the sole owner of a piece of land in the Woodland Acres section of Barkhamsted. A private gravel road passes through this property and she has given some individuals in the past verbal permission to use the road to access their property.

William J. Langer purchased a parcel of property in Woodland Acres without first developing the existing right-of-way for access to his property. Over strong objections from Ms. Longmoor, Mr. Langer trespassed on her property with heavy equipment and commenced construction of a house on his empty lot. Despite Ms. Longmoor's attempts to block access with a chain and "no trespassing" signs, not only did Mr. Langer continue to enter via the Longmoor property, but received advice from several state troopers authorizing his illegal conduct, and threatening to arrest Ms. Longmoor if she blocked the entrance.

The following specific incidents, although not comprehensive, are illustrative of the misconduct by Troop B personnel:

- On April 25, 2000, Trooper Laboy ordered Ms. Longmoor to remove a chain that she used to block access to her property.
- On April 30, 2000, Troopers Hazen and Sweeney ordered Ms. Longmoor to remove a chain that was blocking access to her property under threat of arrest.
- On May 1, 2000, Troopers Beamon and LaBoy threatened to arrest Ms. Longmoor for keeping the chain on her property under the absurd theory that it was blocking access to emergency vehicles. The fire department at all times had a key to the padlock.
- On or about May 2, 2000, Lt. Tolomeo (who I understand is an attorney and should know better) suggested that if the chain goes back up, that Langer would have the right to tear it down.
- On or about May 17, 2000, an unnamed trooper stood by and permitted Langer to tow Ms. Longmoor's vehicle from her property so that he could deliver a modular home on a flat bed truck. The flat bed truck not only damaged Ms. Longmoor's property, but the adjacent property owner's land, as well.

Printed on recycled paper

Dr. Henry Lee
May 24, 2000
Page Two

On May 24, 2000, I spoke with Assistant State's Attorney Andrew Wittstein at the Bantam Superior Courthouse, who agreed that this was a civil matter and that the only responsibility of the police was to ensure that there was no breach of the peace. He also suggested that Ms. Longmoor file for an injunction, which she is in the process of doing. He never authorized the police to threaten Ms. Longmoor with arrest if she limited access to her property.

I would request that you or your immediate successor investigate whether Troop B personnel have acted outside of their lawful duties by interjecting themselves into a civil real estate dispute which is clearly outside their jurisdiction, and by siding with a trespasser who has no legal right to be entering and damaging my client's property.

Very truly yours,

Jon L. Schoenhorn

JLS:j

xc: Andrew Wittstein, Esq.
    Lieutenant Tolomeo, Troop B
    Lorraine Longmoor