LEXSEE 1993 CONN SUPER LEXIS 1777

**MELINDA LUCAS, ET AL v. JOSEPH FIRINE, ET AL**

**NO. CV 92-0335703**

**SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF NEW HAVEN, AT NEW HAVEN**

*1993 Conn. Super. LEXIS 1777*

**July 15, 1993, Decided**
**July 15, 1993, Filed**

**NOTICE:** [*1]   THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**DISPOSITION:**

The motion to strike is granted.

**LexisNexis (TM) HEADNOTES- Core Concepts:**

**JUDGES:** Gordon

**OPINIONBY:** BY THE COURT; GORDON

**OPINION:**

MEMORANDUM OF DECISION RE: MOTION TO STRIKE

In this matter, plaintiffs allege damages caused by the defendants' intentional infliction of emotional distress. The defendant Rooney has moved, on various grounds, to strike the complaint, including a challenge to whether the act here complained of can give rise to this cause of action.

The preliminary determination of whether, as a matter of law, sufficient facts have been pleaded to support an intentional infliction of emotional distress action, is one for the court. Restatement (Second) Torts § 46, comment h. Connecticut Practice Book § 108 requires fact-based pleading. Thus, actions which are "extreme and outrageous" must be contained in the complaint. In *Whelan v. Whelan*, 41 Conn. Sup. 519 (1991), the Court noted that:

> . . . For the tort of intentional infliction of emotional distess to be established, . . . the plaintiff must allege and prove conduct considerably [*2] more egregious than that experienced in the rough and tumble of everyday life . . .
>
> * * *

Liability exists only "for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause mental distress of a very serious kind." Id., 60. "[A] line can be drawn between the slight hurts which are the price of a complex society and the severe mental disturbances inflicted by intentional actions wholly lacking in social utility." *Knierim v. Izzo*, 22 Ill.2d 73, 85, 174 N.E.2d 157 (1961). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." 1 Restatement (Second) Torts § 46, p. 73, comment (d). *Whelan, supra* at 524.

The determination of whether defendant Rooney's conduct as pleaded could be found to be "so outrageous in character, and so extreme in degree as to go beyond all possible bounds of deceny and . . . be regarded as atrocious and utterly intolerable in a civilized community" is a quantum of law, and appropriately [*3] addressed in a motion to strike. Restatement (Second) Torts § 46, comment. *Mellaly v. Eastman Kodak Co.*, 42 Conn. Sup. 17 (1991, Berdon, J.). See also *Petyan v. Ellis*, 200 Conn. 243 (1986). The material facts pleaded here do not, as a matter of law, rise to extreme and outrageous conduct.

Some courts called upon to determine whether there is a reason to let a jury decide whether alleged conduct could be found to meet "outrageous" standard have focused on objective criteria such as whether the defendant was in a position of authority over the plaintiff.

*Mellaly v. Eastman Kodak Co.*, 42 Conn. Sup. 17, 20 *(1991); Erickson v. Christenson*, 781 P.2d 383 (Ore., 1989); *Preston v. Kruezer*, 641 F.Sup. 1163 (N.D. Ill., 1986); *Gomez v. Hug*, 7 Kan. App. 2d 603, 645 P. 2 916 *(1982).*

Some cases have focused on whether the defendant knew of some special susceptibility to emotional abuse on the part of the plaintiff; *Mellaly, (supra); Boyle v. Wenk, 378 Mass. 592, 392 N.E.2d 1053 (1979);* Restatement (Second) § 46, comment f.

Some cases have looked to whether there is a lengthy or continuous pattern of harassment conduct over time. See, e.g., [*4] *Kiseskey v. Carpenters Trust, 192 Cal. Rptr. 492 (1983)* and *Dazzo v. Meyers, 443 N.Y.S. 2d 549 (1982).* Single incidents, even if false accusations, are almost never found by courts to be outrageous. See, e.g., *Rumbold v. Bureau, 581 N.E.2d 809* (1991, Ill. App.); *Lazor v. Milne, 346 Pa. Super. 177, 499 A.2d 369 (1985).* In *Whelan v. Whelan, 41 Conn. Sup. 519 (1991),* what may have been a single incident was held sufficient to show outrageousness, but that case does involves a falsehood designed to instill fear of death. It is distinguishable on these facts. This matter does not fall into any fact pattern or category previously deemed outrageous. The actions here do not go "beyond all possible bounds of decency."

The plaintiffs have not alleged sufficient facts to sustain a complaint for intentional infliction of emotional distress as a matter of law.

The motion to strike is granted.

BY THE COURT:

Gordon, J.