UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORRAINE LONGMOOR<br>and LYNDSEY KEENE | : | |
| VS. | : | NO. 3:02CV1595(JBA) |
| KARL NILSEN,<br>MICHAEL FOX,<br>TOWN OF BARKHAMSTED,<br>BARKHAMSTED INLAND<br>WETLANDS COMMISSION,<br>TROOPER DAVID LABOY,<br>TROOPER HAZEN,<br>TROOPER SWEENEY,<br>LT. TOLOMEO,<br>and P J's AUTO SERVICE, INC. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | JUNE 3, 2003 |

**AFFIDAVIT OF LORRAINE LONGMOOR**

STATE OF CONNECTICUT    )
                                              )    SS:    Hartford
COUNTY OF HARTFORD    )

LORRAINE LONGMOOR, having been duly sworn, states:

1. I am over the age of 21 and understand the meaning of an oath.

2. I am one of the plaintiffs in this action and I make this affidavit in response to certain erroneous assertions made by and/or on behalf of the defendant P-J's Auto Service, Inc., in support of its motion for summary judgment.

**COPY – ORIGINAL ON FILE WITH COURT**

3. Woodland Acres Road was a private road on my property. Anyone stepping or driving on that road without my permission was trespassing on my property.

4. Contrary to the claim of Mr. Spaziani, I did not ever "freely and willingly hand[] over [my] keys to him. I turned those keys over to Mr. Spaziani under threat that if I did not surrender my keys to him my car would be damaged. In my presence and his, two state troopers stated that my car was going to be towed whether I surrendered my keys or not.

5. Mr. Spaziani and Mr. Langer trespassed on my property and seized my car, without my consent, under the eyes of two state troopers who permitted them to do so.

6. Mr. Spaziani towed my car seven hundred (700) feet without my consent.

7. Mr. Spaziani took my car from my private property – not from a right-of-way. My car was on my property and that property was clearly marked with a "No Trespassing" sign.

8. I have a judgment from the Connecticut Superior Court in a quiet title action bearing Docket Number CV-00-0082632 which clearly holds that the property from which Mr. Spaziani towed my car was my property at the time. In fact, in open court and on the record, the attorney Mr. Langer stipulated that his client had "trespassed unlawfully" upon that property and the judge adopted that

stipulation as a part of his ruling.

9. The actions of the defendants, including Mr. Spaziani, in trespassing upon my property and towing my car, with the acquiescence and encouragement of the Connecticut State Police, have caused me emotional distress, fear and humiliation.



LORRAINE LONGMOOR

Subscribed and sworn to before me this 3rd day of June, 2003.



Notary Public

### CERTIFICATION OF SERVICE

On the date above stated, copies hereof were mailed to Stephen R. Sarnoski, Esq., Assistant Attorney General, 110 Sherman Street, Hartford, CT 06105; Attorneys Jason J. Vicente and Wendy K. Venoit, Pepe & Hazard LLP, Goodwin Square, Hartford, CT 06103-4302; Peter S. Olson, Esq., Pullman & Comley, P. O. Box 7006, Bridgeport, CT 06601-7006; and James N. Tallberg, Esq., Updike, Kelly and Spellacy, P.C., P. O. Box 231277, Hartford, CT 06123-1277.

/s/

JOHN R. WILLIAMS