UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORRAINE LONGMOOR and LYNDSEY KEENE | : <br> : <br> : |
| VS. | : NO. 3:02CV1595(JBA) |
| KARL NILSEN, MICHAEL FOX, TOWN OF BARKHAMSTED, BARKHAMSTED INLAND WETLANDS COMMISSION, TROOPER DAVID LABOY, TROOPER HAZEN, TROOPER SWEENEY, LT. TOLOMEO, and P J's AUTO SERVICE, INC. | : <br> : <br> : <br> : <br> : <br> : <br> : DECEMBER 12, 2003 <br> : <br> : |

## BRIEF IN OPPOSITION TO BARKHAMSTED DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Barkhamsted defendants, *i.e.*, defendants Nilsen, Fox, Barkhamsted Inland Wetlands Commission and Town of Barkhamsted, have moved for summary judgment against the plaintiffs in this action alleging denial of equal protection and procedural due process[1], as well as a state law claim for the intentional or reckless infliction of emotional distress.[2] The defendants claim

---

[1] The plaintiffs agree that the evidence is weak on their procedural due process claim and, therefore, that claim is withdrawn.

[2] As to the municipal defendants, the plaintiffs' state law claim also is withdrawn.

that the plaintiffs' equal protection claim is not ripe for adjudication, that there is no evidence to support either the equal protection or the procedural due process claim, that the individual defendants are entitled to qualified immunity,[3] that there is no evidence of municipal policy sufficient to establish liability by the Town of Barkhamsted, and that the state law claim either should be dismissed for want of jurisdiction, if the other claims fail, or on its merits, if they don't.

"The standards governing summary judgment are well-settled. Summary judgment is appropriate only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits..., show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.

"In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant....Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for

---

[3] Qualified immunity does not protect municipalities or officials sued in their official capacities. It protects only individuals. Owen v. City of Independence, 445 U.S. 622 (1980); Ford v. Reynolds, 316 F.3d 351, 356 (2nd Cir. 2003).

the non-moving party." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

When the moving party "'fail[s] to fulfill its initial burden' of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, 'even if no opposing evidentiary matter is presented,' for the non-movant is not required to rebut an insufficient showing." Giannullo v. City of New York, 322 F.3d 139, 140-41 (2nd Cir. 2003), *quoting* Adickes v. S.H. Kress & Co., 398 U.S. 144, 158, 160 (1970). "[T]he moving party bears the ultimate burden of establishing its right to summary judgment as a matter of law even when it does not have the ultimate burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 982 (10th Cir. 2003).

When passing upon a motion for summary judgment, the court may not resolve factual disputes or make credibility determinations, even if the case is one which eventually will be tried without a jury. In re Unisys Savings Plan Litigation, 74 F.3d 420 (3d Cir. 1996). Rather, the court must resolve any ambiguities and draw all inferences against the moving party. Cargill, Inc. v. Charles Kowsky Resources, Inc., 949 F.2d 51 (2d Cir. 1991). The evidence of the party against whom summary judgment is sought must be believed. Revak v. SEC Realty Corp., 18 F.3d 81 (2d Cir. 1994). The court must construe the evidence in the light most favorable to the party opposing summary judgment

and deny the motion unless no construction of the evidence could support judgment in the plaintiff's favor. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10, 14 (2d Cir. 1993); United States v. Certain Funds on Deposit in Scudder Tax Free Investment Account #2505103, 998 F.2d 129 (2d Cir. 1993); Union Pacific Corp. v. United States, 5 F.3d 523, 525 (Fed. Cir. 1993). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

To raise a genuine issue of material fact sufficient to defeat a summary judgment motion, the opponent need not match, item for item, each piece of evidence proffered by the moving party. So long as the opponent has offered enough evidence to exceed the "mere scintilla" threshold, summary judgment is to be denied. In re Unisys Savings Plan Litigation, supra, 74 F.3d 420, 433.

Even if the nonmoving party's evidence appears "implausible," the court may not "weigh" the evidence and must proceed with the greatest caution. R. B. Ventures, Ltd. v. Shane, 112 F.3d 54, 58-59 (2d Cir. 1997). "If reasonable minds could differ as to the import of the evidence...and if...there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." Id. at 59, quoting Brady v. Town of Colchester, 863 F.2d

205, 211 (2d Cir. 1988), and In re Japanese Elec Prods. Antitrust Litigation, 723 F.2d 238 (3d Cir. 1983) (internal quotation marks omitted).

"A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non moving party.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, '[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997). Citing Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

"[T]he Second Circuit has cautioned that, in cases where motive, intent or state of mind are at issue, summary judgment should be used sparingly." Ruscoe v. Housing Authority of City of New Britain, 259 F. Supp. 2d 160, 166 (D. Conn. 2003) (Nevas, J.), citing Dister v. Continental Group, Inc., 859 F.2 1108, 1114 (2nd Cir. 1988).

Hearsay evidence, while not admissible in support of a motion for summary judgment, **is** sufficient to defeat a summary judgment motion so long as there is reason to believe that the evidence can be offered in an admissible form at trial. "[T]he nonmoving party [need not] produce evidence in a form that would be admissible at trial in order to avoid summary judgment." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Cf., McMillan v. Experian, 170 F. Supp. 2d

278, 281 (D. Conn. 2001); McMillian v. Johnson, 88 F.3d 1573, 1584 (11th Cir. 1996); Williams v. Borough of West Chester, 891 F.2d 458 (3d Cir. 1990); Tetra Technologies, Inc. v. Harter, 823 F. Supp. 1116, 1120 (S.D.N.Y. 1993).[4] "Evidence presented to defeat a summary judgment motion need not be in admissible form, but it must be admissible in content." Payne v. Pauley, 337 F.3d 767, 775 fn. 3 (7th Cir. 2003).

The evidence in this case, viewed in the light most favorable to the position of the plaintiffs, demonstrates that the Town of Barkhamsted, acting through its highest policy-setting officials for the purposes relevant here, its First Selectman and its head of zoning and environmental protection, consistently treated the plaintiffs differently from all other similarly-situated property owners in the area. According to the plaintiffs' evidence, this disparity in treatment was blatant and extended over a period of many years. Regulations not enforced against the plaintiffs' neighbors were enforced strictly against them. Complaints, even unfounded complaints, by the plaintiffs' neighbors were carefully and thoroughly investigated; complaints by the plaintiffs were largely ignored. The plaintiffs' neighbors were allowed to trespass upon and severely damage a private roadway crossing the plaintiffs' land, and were issued building permits

---

[4] "Affidavits submitted to defeat summary judgment must be admissible themselves or must contain evidence that will be presented in an admissible form at trial." Santos v. Murdock, 243 F.3d 681, 683 (2d Cir. 2001).

which guaranteed that they would do so repeatedly and with large trucks, when the defendants knew that their failure to protect the plaintiffs would damage their land. *E.g.*, Longmoor Deposition Transcript, pp. 248, 251, 253, 341-49, 353-55, 365, 391-94, 396, 398-401, 407-11, 430-34, 437-39; Keene Deposition Transcript, pp. 207-08.

The Barkhamsted defendants first assert that they should prevail here because this action is unripe. They claim that the plaintiffs have available to them various state court remedies they have not exhausted. They rely upon Dougherty v. Town of North Hempstead Board of Zoning Appeals, 282 F.3d 83, 88-89 (2nd Cir. 2002), which applied the ripeness requirements ordinarily applied in takings cases to property deprivation actions brought under the equal protection clause. The fatal flaw in defendants' argument, however, is that this is not an action concerning the deprivation of property rights. The plaintiffs make none of the claims or showings necessary for a property deprivation action, however characterized. See Southview Assoc. v. Bongartz, 980 F.2d 84, 93 n. 3 (2d Cir. 1992)[5]; Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 216 F.3d 764, 772 (9th Cir. 2000), *aff'd*, 535 U.S. 302 (2002); Palazzolo v. Rhode Island, 533 U.S. 606 (2001). Indeed, the plaintiffs

---

[5] "A regulatory taking -- also known as inverse condemnation -- occurs when the purpose of government regulation and its economic effect on the property owner render the regulation substantially equivalent to an eminent domain proceeding and, therefore, require the government to pay compensation to the property owner."

claim property damages but not property deprivation or taking, and the plaintiffs specifically assert their entitlement to damages for emotional distress. Longmoor Deposition Transcript, pp. 387-90. Accordingly, there is no exhaustion or ripeness requirement here.

This is a traditional equal protection case, governed by the standards of Village of Willowbrook v. Olech, 528 U.S. 562 (2000). "Before Olech, the Second Circuit permitted selective enforcement claims based on a 'class of one' if the plaintiff could 'show both (1) that [he was] treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" Russo v. City of Hartford, 184 F. Supp. 2d 169, 190 (D. Conn. 2002) (Hall, J.), citing Harlen Associates v. Incorporated Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001). "In Harlen, the Court of Appeals assumed without holding that a plaintiff who establishes differential treatment could state an equal protection claim by showing 'either that there was no rational basis for the unequal treatment received, or that the [unequal treatment] was motivated by animus." Ibid., quoting Harlen, supra, at 500. Cf., Barstow v. Shea, 196 F. Supp. 2d 141, 148 (D. Conn. 2002) (Arterton, J.); Oneto v. Town of Hamden, 169 F. Supp. 2d 72, 80-81 (D. Conn. 2001) (Arterton, J.); Giordano v. City of New York, 274 F.3d 740, 751 (2d Cir. 2001); Carpenteria Valley Farms, Ltd. v.

County of Santa Barbara, 334 F.3d 796, 802 (9th Cir. 2003).

The defendants first argue that the plaintiff is required to show some sort of animus on their part, but clearly that is not required. The defendants next argue that they did have a rational basis for the actions they took against the plaintiffs. But they fail to articulate, or even to suggest, a rational basis for the *disparity* of treatment and the plaintiffs' evidence shows that there was grossly disparate treatment over a long period of time. Thus, for example, only the plaintiff's property required a site visit before issuance of a burning permit. And, regarding the destruction of the plaintiffs' private road by hundreds of trespassing heaving trucks carrying out construction projects knowingly authorized by the defendants, the municipal defendants effectively declared the plaintiffs to be outside the protection of the law.

To survive summary judgment in an equal protection case, a plaintiff need show only that she was treated differently from others similarly situated, that such disparate treatment was intentional, and that it lacked a legitimate or rational basis. The intent elements need be shown only by circumstantial evidence. Catanzaro v. Weiden, 140 F.3d 91, 96 (2d Cir. 1998). The plaintiffs have done that in this case.

For these reasons, the individual defendants' claim of qualified immunity must be rejected. The defendants attempt to redefine qualified immunity to protect all the discretionary actions of municipal officials, as if the plaintiffs were

making a claim under state law. *E.g.*, Wadsworth v. Middletown, 94 Conn. 435, 439 (1920); Roman v. Stamford, 16 Conn. App. 2213, 221 (1988); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 167-68 (1988); Gauvin v. New Haven 187 Conn. 180, 186 (1982). This is nonsense, of course. "A government official sued in his individual capacity is entitled to qualified immunity (1) if the conduct attributed to him is not prohibited by federal law...; or (2) where that conduct is so prohibited, if the plaintiff's right not to be subjected to such conduct by the defendant was not clearly established at the time of the conduct...; or (3) if the defendant's action was objectively legally reasonable in light of the legal rules that were clearly established at the time it was taken." O'Bert ex rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 36 (2nd Cir. 2003) (citations, quotation marks and ellipses omitted). The affirmative defense of "good faith and reasonable belief" was scrapped and totally reformulated in Harlow v. Fitzgerald, 457 U.S. 800 (1982), to afford immunity to "government officials performing discretionary functions" only "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known...." 457 U.S. at 818-19. *Cf.* Neu v. Corcoran, 869 F.2d 662, 665 (2d Cir. 1989). It is an affirmative defense, on which the defendant has the burden of both pleading and proof. Gomez v. Toledo, 446 U.S. 635, 640 (1980); Harlow v. Fitzgerald, 457 U.S. 800 at 815 (1982); Schechter v. Comptroller of the City of New York, 79 F.3d 265, 270 (2d Cir. 1996); Black v. Coughlin, 76 F.3d 72, 75

(2d Cir. 1996); <u>Castro v. United States</u>, 34 F.3d 106, 111 (2d Cir. 1994). The good faith or bad faith of the official involved is irrelevant. <u>Sound Aircraft Services v. Town of East Hampton</u>, 192 F.3d 329, 334 (2d Cir. 1999); <u>Crawford-El v. Britton</u>, 523 U.S. 574 (1998).

In this case, for the reasons discussed above, the law certainly was clearly established and the plaintiff's version of the conduct of the individual municipal defendants – intentionally and irrationally treating them differently in a substantive way over a long period from their similarly-situated neighbors – is conduct which no reasonable municipal official could have thought proper.

The defendant municipality itself claims it is entitled to summary judgment because the asserted actions of its First Selectman and chief zoning/environmental officer do not constitute municipal policy. This, of course, is mistaken. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658, 694 (1978). "[T]here are three ways to meet *Monell*'s policy or custom requirement: First, the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal government policy or a 'longstanding practice or custom which constitutes the

standard operating procedure of the local government entity.' Jett v. Dalls Indep. Sch. Dist., 491 U.S. 701, 737 (1989)....Second, the plaintiff may establish that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself thus constituted an act of official government policy....Third, the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." Hopper v. City of Pasco, 241 F.3d 1067, 1083 (9th Cir. 2001), quoting Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992). "A municipality can be liable even for an isolated constitutional violation...when the person causing the violation has final policymaking authority." Webb v. Sloan, 330 F.3d 1158, 1164 (9th Cir. 2003).

In seeking to identify the policymaker the plaintiff need do no more than identify the person who sets policy for the matter at issue. Pembauer v. City of Cincinnati, 475 U.S. 469, 480-81 (1986); Kelley v. LaForce, 279 F.3d 129, 138 (1st Cir. 2002); Mandell v. County of Suffolk, 316 F.3d 368, 385 (2nd. Cir. 2003) (police commissioner had authority to set county-wide personnel policy); Weber v. Dell, 804 F.2d 796 (2d Cir. 1986); Keenan v. City of Philadelphia, 983 F.2d 459, 468-69 (3d Cir. 1992); Holloway v. Brush, 220 F.3d 767, 773 (6th Cir. 2000) (en banc) ("acts will only be construed as official policy when they are those of a body or an official 'responsible for establishing final government policy respecting such activity'"); Jones v. City of Chicago, 856 F.2d 985, 996 (7th Cir.

1988); Fairley v. Luman, 281 F.3d 913 (9th Cir. 2002); Davis v. Mason County, 927 F.2d 1473 (9th Cir. 1991); Grech v. Clayton County, 288 F.3d 1277 (11th Cir. 2002); Gibson v. City of Clarksville, 860 F. Supp. 450 (M.D. Tenn. 1993). "While municipal policy is most easily found in municipal ordinances, 'it may also be found in formal or informal ad hoc 'policy' choices or decisions of municipal officials authorized to make and implement municipal policy.' Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999), quoting Spell v. McDaniel, 824 F.2d 1380, 1385 (4th Cir. 1987). A single decision by an official with final policymaking authority can impose municipal liability even in the absence of any pattern or practice. Brown v. Bryan County, 219 F.3d 450, 459 (5th Cir. 2000).

There is sufficient evidence in this case that the defendants Fox, Inland Wetlands Commission and Nilsen were the final policymaking authorities for the Town of Barkhamsted with regard to the matters on which the plaintiffs were subjected to disparate treatment. Accordingly, the town's motion for summary judgment on that ground must be rejected.

The municipal defendants' motion for summary judgment must be denied.

Respectfully submitted:

JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203/562-9931
FAX: 203/776-9494
E-Mail: jrw@johnrwilliams.com
Plaintiffs' Attorney

CERTIFICATION OF SERVICE

On the date above stated, copies hereof were mailed to Stephen R. Sarnoski, Esq., Assistant Attorney General, 110 Sherman Street, Hartford, CT 06105; Attorneys Jason J. Vicente and Wendy K. Venoit, Pepe & Hazard LLP, Goodwin Square, Hartford, CT 06103-4302; Peter S. Olson, Esq., Pullman & Comley, P. O. Box 7006, Bridgeport, CT 06601-7006; and James N. Tallberg, Esq., Updike, Kelly and Spellacy, P.C., P. O. Box 231277, Hartford, CT 06123-1277.

JOHN R. WILLIAMS