UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORRAINE LONGMOOR<br>and LYNDSEY KEENE | : | |
| VS. | : | NO. 3:02CV1595(JBA) |
| KARL NILSEN,<br>MICHAEL FOX,<br>TOWN OF BARKHAMSTED,<br>BARKHAMSTED INLAND<br>WETLANDS COMMISSION,<br>TROOPER DAVID LABOY,<br>TROOPER HAZEN,<br>TROOPER SWEENEY,<br>LT. TOLOMEO,<br>and P J's AUTO SERVICE, INC. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | DECEMBER 12, 2003 |

### PLAINTIFFS' LOCAL RULE 56 STATEMENT CONCERNING MOTION FOR SUMMARY JUDGMENT BY BARKHAMSTED DEFENDANTS

I  **RESPONSES TO DEFENDANTS' ALLEGATIONS:**

   1. Agree.

   2. Agree.

   3. Agree.

   4. Agree.

   5. Agree.

   6. Agree.

   7. Agree.

8. Agree.

9. Agree.

10. Agree.

11. Agree.

12. Agree.

13. Agree.

14. Agree.

15. Agree.

16. Agree.

17. Agree.

18. Agree.

19. Agree.

20. Agree.

21. Agree.

22. Agree.

23. Agree.

24. Agree.

25. Agree.

26. Agree.

27. Agree.

28. Agree that documents were signed. The documents speak for

themselves. Object to the defendants' attempt to characterize those documents, which are before the court.

    29. Agree.

    30. Agree.

    31. Agree.

    32. Agree.

    33. Agree.

    35. Agree.

    36. Agree.

    37. Agree.

    38. Agree.

    39. Agree.

    40. Agree.

    41. Agree.

    42. Agree.

    43. Disagree. (Longmoor Deposition Transcript, pp. 343-46)

    44. Agree.

    45. Agree.

    46. Agree.

    47. Agree.

    48. Agree.

49. Agree.

50. Agree.

51. Agree.

52. Agree.

53. Agree.

54. Agree.

55. Agree.

56. Agree.

57. Agree.

58. Disagree. (Longmoor Deposition Transcript, p. 351)

59. Agree that the letter was sent.

60. Agree.

61. Agree.

62. Agree.

63. Agree.

64. Agree, but it was obvious that the silting and erosion were caused by the illegal trespassing of those neighbors. (Keene Deposition Transcript, pp. 168-69, 178-79)

65. Agree.

66. Agree.

67. Agree that Nilsen made that demand of the plaintiff. Otherwise,

disagree.

    68. Disagree with the word "requested" but otherwise agree. (Defense Exhibit 11)

    69. Agree.

    70. Agree, except for the word "ultimately".

    71. Agree, except for the word "request".

    72. Agree.

    73. Agree.

    74. Agree.

    75. Agree.

    76. Agree that no action was taken, since the plaintiff had done nothing wrong.

    77. Agree.

    78. Agree.

    79. Agree.

    80. Agree.

    81. Agree.

    82. Agree.

    83. Agree.

    84. Agree.

    85. Agree.

86. Agree.

87. Agree.

88. Agree.

89. Agree.

90. Agree.

91. Agree.

92. Agree that Fox made the trip and the inspection. Otherwise, disagree since he did not make such inspections of others seeking such permits. (Longmoor Deposition Transcript, p. 267)

93. Disagree. (Ibid.)

94. Agree.

95. Agree.

96. Agree.

97. Agree.

98. Agree that defendant Fox brought this to the attention of defendant Nilsen. (Id. p. 369)

99. Agree.

100. Agree.

101. Agree.

102. Agree.

103. Agree.

104. Agree.

## II   PLAINTIFFS' STATEMENT OF MATERIAL FACTS:

1. In a quiet title action in the Connecticut Superior Court bearing Docket Number CV-00-0082632, it was expressly held that the plaintiff is the owner of the property from which Mr. Spaziani towed her car and was the owner of that property at the time of the tow. (Plaintiff Longmoor's Affidavit, on file with the court in opposition to Motion for Summary Judgment of State Police defendants, ¶ 8)

2. In open court, the defendant Langer stipulated through his attorney that he had "trespassed unlawfully" upon Woodland Acres Road, which the plaintiff owned. (Ibid.)

3. The Connecticut Superior Court adopted the stipulation of defendant Langer as a part of its final judgment in the quiet title action to which the plaintiff and Langer were parties. (Ibid.)

4. The plaintiff sought the help of defendant Fox to stop William Langer from regularly and routinely trespassing on her property. Fox refused to do anything although Langer's violation of the plaintiff's rights was clear and obvious. (Longmoor Deposition Transcript, p. 248)

5. Fox insisted on entering upon the plaintiff's property to inspect it before he would give her a burning permit, although he did not conduct such

inspections when others in the town requested burning permits. (Id. p. 253)

6. The plaintiff declined to give some of her neighbors an easement or permission allowing them to traverse her property because she felt they were abusive and pressuring her in a time of personal grief. (Id. pp. 309-38)

7. Despite the plaintiff's repeated complaints, and the defendant's visual confirmation, that runoff from the Langer property was causing silt to accumulate in the plaintiff's pond, in violation of local regulations, defendant Nilsen refused to do anything about it. (Id. pp. 341-49)

8. The erosion that was taking place on that portion of the road owned by the plaintiff did not originate there. The erosion originated on other properties above the plaintiffs, and caused the portion of road owned by the plaintiff to become in poor condition. Thus, public safety was being jeopardized by environmental violations on the property of others. This fact was known to the defendants but they refused to do anything about it, attempting instead to blame the plaintiff wrongfully. (Id. pp. 354-55)

9. The dangerous condition of that portion of the road owned by the plaintiff also was caused by the number of trucks trespassing on that road, a legal violation known to and condoned by the defendants. (Ibid.; Keene Deposition Transcript, pp. 166-69))

10. The complaints about the plaintiff made by her neighbors were false. (Longmoor Deposition Transcript, p. 365)

11. The plaintiff has suffered severe emotional distress as a result of the actions of the defendants. (Id. pp. 387-90)

12. The municipal defendants allowed houses to be constructed near the plaintiff at locations where they should not have been built and using construction methods that should not have been allowed. (Id. pp. 391-92)

13. The plaintiff's property has been damaged severely as a result of the defendants' allowing such actions to take place. (Id. p. 393)

14. The municipal defendants have acted together, and in conspiracy with each other, to injure the plaintiff. (Id. p. 394)

15. The plaintiff complained to the defendant wetlands commission about people crossing her property to build their houses, thereby disturbing the property and causing sedimentation and siltation invading the land of the plaintiff and her neighbor and polluting the plaintiff's pond. The defendant commission did nothing about it. (Id. p. 396)

16. Defendant Nilsen twice lied to the wetlands commission in order to gain permission for neighbors of the plaintiff to build on protected wetlands, thereby damaging the plaintiff and her property. (Id. pp. 398-99)

17. The defendant inland wetlands commission has taken no action to protect the plaintiff and her property from erosion and sedimentation polluting the property despite clear proof that these unlawful activities were occurring. (Id. pp. 400-01)

18. The wetlands commission also has "lost" a complaint filed by the plaintiff. (Id. p. 401)

19. The defendant wetlands commission has applied its regulations against the plaintiff on a retroactive basis, an action which it never has taken against any other property owner in the Town of Barkhamsted. (Id. pp. 407-10)

20. Defendant Nilsen signed a certificate of occupancy for the Langer house despite clear evidence that the owner had failed to take mandatory steps to protect the wetlands in the area, including the plaintiff's property. (Id. p. 411)

21. The defendants permitted the relocation of a roadway near the plaintiff's property to be carried out in such a way that it illegally disturbed a water course and caused damage to the plaintiff's downstream property. (Id. pp. 430-34)

22. The defendants permitted the relocated roadway to be constructed using toxic materials which have contaminated the plaintiff's property. (Id. pp. 437-39; Keene Deposition Transcript, pp. 174-75, 205, 210-13)

23. The municipal defendants were aware when the issued the permits for construction of the houses that the construction they were sanctioning would involve trespassing upon and severely damaging the plaintiff's road. (Keene Deposition Transcript, pp. 178-79)

24. Defendant Fox's entry upon the plaintiff's property for the ostensible purpose of inspecting a fire pile actually was a ruse to inspect the property for

a ditch which the plaintiff had dug on her property. (Id. p. 197)

25. In the summer of 2001 defendant Fox personally interceded with a developer to obtain assistance for the Langer family, who were inflicting unlawful injury upon the plaintiffs and their property in carrying out such unlawful activity. (Id. pp. 198-204)

26. The municipal defendants, in moving the roadway, illegally destroyed an intermittent water course and thereby inflicted environmental damage upon the plaintiffs' property. (Id. pp. 205-06)

27. Although fully aware of the impending damage to plaintiffs' property, municipal defendants refused to take any action to protect the plaintiffs. (Id. pp. 207-08)

THE PLAINTIFFS

BY: _____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203/562-9931
FAX: 203/776-9494
E-Mail: jrw@johnrwilliams.com
Their Attorney

CERTIFICATION OF SERVICE

On the date above stated, copies hereof were mailed to Stephen R. Sarnoski, Esq., Assistant Attorney General, 110 Sherman Street, Hartford, CT 06105; Attorneys Jason J. Vicente and Wendy K. Venoit, Pepe & Hazard LLP, Goodwin Square, Hartford, CT 06103-4302; Peter S. Olson, Esq., Pullman & Comley, P. O. Box 7006, Bridgeport, CT 06601-7006; and James N. Tallberg, Esq., Updike, Kelly and Spellacy, P.C., P. O. Box 231277, Hartford, CT 06123-1277.

JOHN R. WILLIAMS